UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| ALLISON D. SMITH, | ) |  |
|---|---|---|
|  | ) |  |
| Plaintiff, | ) |  |
|  | ) |  |
| v. | ) | No. 3:19-cv-00375 |
|  | ) | Judge Trauger |
| DARON HALL, et al., | ) |  |
|  | ) |  |
| Defendants. | ) |  |

# MEMORANDUM

Allison D. Smith, a pretrial detainee at the Davidson County Sheriff's Office in Nashville, Tennessee, filed this *pro se* civil rights action under 42 U.S.C. § 1983 against Sheriff Daron Hall and three inmates who allegedly assaulted him—Charles Jones, Kavasia Bonds, and Brian Davis. (Doc. No. 1.) The plaintiff also filed an application to proceed in this court without prepaying fees and costs. (Doc. No. 2.)

**I.     Application to Proceed as a Pauper**

The court may authorize a prisoner to file a civil suit without prepaying the filing fee. 28 U.S.C. § 1915(a). Because it appears from the plaintiff's *in forma pauperis* application that he cannot pay the full filing fee in advance, the application (Doc. No. 2) will be granted. The $350.00 filing fee will be assessed as directed in the accompanying order. 28 U.S.C. § 1915(b)(1).

**II.     Initial Review**

Under the screening requirements of the Prison Litigation Reform Act ("PLRA"), the court must conduct an initial review and dismiss the complaint if it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. §§ 1915A, 1915(e)(2)(B); 42 U.S.C. § 1997e(c)(1). The

court must also construe a *pro se* complaint liberally, *United States v. Smotherman*, 838 F.3d 736, 739 (6th Cir. 2016) (citing *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)), and accept a *pro se* plaintiff's factual allegations as true unless they are entirely without credibility, *see Thomas v. Eby*, 481 F.3d 434, 437 (6th Cir. 2007) (citing *Denton v. Hernandez*, 504 U.S. 25, 33 (1992)).

A. **Factual Allegations**

The plaintiff alleges that, on the morning of July 8, 2018, another inmate at the Davidson County Sherriff's Office named Charles Jones woke him up to ask about a remote control. (Doc. No. 1 at 5.) The plaintiff responded that he had never seen a remote, (*id.*), and then went back to sleep, (Doc. No. 4 at 1). After being awakened two more times, the plaintiff said "stop wak[ing] me up about a remote." (*Id.*) When the plaintiff walked to the restroom, Jones and fellow inmate Brian Davis followed him. (Doc. No. 1 at 5; Doc. No. 4 at 1.) Another inmate named Kavasia Bonds was waiting in the restroom. (Doc. No. 4 at 1.) Davis pushed the plaintiff through the restroom door from behind, and then Jones hit him in his left eye. (*Id.*) Bonds held the plaintiff's arms behind his back, and "all [the plaintiff] felt were kicks and punches." (*Id.*)

After the assault, the plaintiff alleges, his left eye would not stop bleeding. (*Id.*) The plaintiff was soon taken to Meharry, and then to Vanderbilt. (*Id.* at 2.) He had surgery on his left eye that day. (*Id.*) As a result of this assault, he experienced constant pain and lack of vision in his left eye. (Doc. No. 1 at 5; Doc. No. 4 at 2.) Doctors eventually removed the plaintiff's left eye on January 7, 2019. (Doc. No. 1 at 5; Doc. No. 4 at 2.) He is also losing vision in his right eye and must visit "several eye doctors." (Doc. No. 4 at 2.) Additionally, the plaintiff sustained injuries to his knees and back from the assault, and he now uses knee braces and a cane to walk. (Doc. No. 1 at 5; Doc. No. 4 at 2.) He has been prescribed mental health medication to cope with the results of the assault. (Doc. No. 4 at 2.)

**B.     Standard of Review**

To determine whether a prisoner's complaint "fails to state a claim on which relief may be granted" under the PLRA's screening requirements, the court applies the same standard as under Rule 12(b)(6) of the Federal Rules of Civil Procedure. *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010). The court therefore accepts "all well-pleaded allegations in the complaint as true, [and] 'consider[s] the factual allegations in [the] complaint to determine if they plausibly suggest an entitlement to relief.'" *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 681 (2009)). An assumption of truth does not, however, extend to allegations that consist of legal conclusions or "'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007)). A *pro se* pleading must be liberally construed and "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson*, 551 U.S. at 94 (citing *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

**C.     Discussion**

"To prevail on a cause of action under § 1983, a plaintiff must prove '(1) the deprivation of a right secured by the Constitution or laws of the United States (2) caused by a person acting under the color of state law.'" *Winkler v. Madison Cty.*, 893 F.3d 877, 890 (6th Cir. 2018) (quoting *Shadrick v. Hopkins Cty.*, 805 F.3d 724, 736 (6th Cir. 2015)).

**1.     Improper Parties under Section 1983**

The plaintiff brings this action against the three inmates who allegedly assaulted him—Charles Jones, Kavasia Bonds, and Brian Davis. But "an inmate is not a state actor or a person acting under the color of state law for purposes of stating a claim under [Section] 1983." *Goodell v. Anthony*, 157 F. Supp. 2d 796, 801 (E.D. Mich. 2001) (collecting cases). Here, the plaintiff does not present any allegations reflecting that Jones, Bonds, and David were acting under color of state

law at the time they assaulted him. Accordingly, these three inmates will be dismissed as parties. This dismissal is without prejudice to any state law claims the plaintiff may assert against Charles Jones, Kavasia Bonds, and Brian Davis. The court, however, makes no findings or representations regarding any applicable statute of limitations for such state law claims.

### 2. Official-Capacity Claim against Sheriff Hall

The plaintiff names Sheriff Daron Hall as a defendant in both his official and individual capacities. (Doc. No. 1 at 2.) Defendant Hall is the Sheriff of Davidson County, and "individuals sued in their official capacities stand in the shoes of the entity they represent." *Alkire v. Irving*, 330 F.3d 802, 810 (6th Cir. 2003) (citing *Kentucky v. Graham*, 473 U.S. 159, 165 (1985)). Thus, the plaintiff's official capacity claim against Sheriff Hall is essentially a claim against Davidson County. To state a claim against Davidson County, the plaintiff must allege that he "suffered a constitutional violation" and that the County's "policy or custom directly caused the violation." *Hadrick v. City of Detroit, Mich.*, 876 F.3d 238, 243 (6th Cir. 2017) (citing *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 690–92 (1978)). Here, the plaintiff does not allege that the alleged assault by three other inmates was the result of a policy or custom of Davidson County. Accordingly, the plaintiff fails to state a claim against Davidson County, and his official capacity claim against Sheriff Hall will be dismissed.

### 3. Individual-Capacity Claim against Sheriff Hall

As to the plaintiff's individual capacity claim against Sheriff Hall, the Eighth Amendment protects convicted prisoners from "cruel and unusual punishment," *Farmer v. Brennan*, 511 U.S. 825, 832 (1994), and imposes a duty on prison officials to protect "prisoners from violence at the hands of other prisoners," *Bishop v. Hackel*, 636 F.3d 757, 766 (6th Cir. 2011) (quoting *Farmer*, 511 U.S. at 833). Due to this protection, a convicted prisoner may assert a "cognizable

4

constitutional claim for deliberate indifference to an inmate's safety." *Id.* (citing *Farmer*, 511 U.S. at 834).

Because the plaintiff is a pretrial detainee, however, the source of his constitutional protection in this circumstance is not the Eighth Amendment, but the Due Process Clause of the Fourteenth Amendment. *Richmond v. Huq*, 885 F.3d 928, 937 (6th Cir. 2018) (citing *Richko v. Wayne Cty.*, 819 F.3d 907, 915 (6th Cir. 2016)) ("The Eighth Amendment provides an inmate the right to be free from cruel and unusual punishment. The Due Process Clause of the Fourteenth Amendment provides the same protections to pretrial detainees."). Nonetheless, the Sixth Circuit "has historically analyzed Fourteenth Amendment pretrial detainee claims and Eighth Amendment prisoner claims 'under the same rubric.'" *Id.* (quoting *Villegas v. Metro Gov't of Nashville*, 709 F.3d 563, 568 (6th Cir. 2013)).

To state a claim against a prison official for deliberate indifference to his safety, the plaintiff must satisfy both an objective and subjective component.[1] *Bishop*, 636 F.3d at 766. The objective component requires the plaintiff to allege that "he [was] incarcerated under conditions posing a substantial risk of serious harm." *Id.* (quoting *Farmer*, 511 U.S. at 833). For the subjective component, the plaintiff must also allege that a prison official "acted with 'deliberate indifference' to inmate health or safety," *id.* (quoting *Farmer*, 511 U.S. at 834), meaning that the official "kn[ew] of and disregard[ed] an excessive risk to inmate health or safety," *id.* at 766–67 (quoting *Farmer*,

---

[1] Although the Supreme Court has held that "a pretrial detainee's Fourteenth Amendment excessive force claim need only meet" an objective component, *Richmond*, 885 F.3d at 937–38 n.3 (citing *Kingsley v. Henderson*, 135 S. Ct. 2466, 2473 (2015)), the Sixth Circuit has not applied *Kingsley*'s reasoning to "a Fourteenth Amendment deliberate indifference claim," *id.* Indeed, in a published opinion issued after *Kingsley* but not discussing *Kingsley* as it relates to this particular claim, the Sixth Circuit applied the traditional Eighth Amendment standard to "a Fourteenth Amendment claim for deliberate indifference to a serious medical need." *Hopper v. Plummer*, 887 F.3d 744, 756 (6th Cir. 2018) (citing *Villegas*, 709 F.3d at 568). For this reason, the court must analyze the plaintiff's claim for failing to protect him from violence by other inmates using an Eighth Amendment framework.

511 U.S. at 837). The court must evaluate the subjective component of a failure-to-protect claim for each prison official individually. *Id.* at 767 (citations omitted).

Regarding the state of mind necessary to satisfy the subjective component of a failure-to-protect claim in the context of an ongoing attack, "prison guards have no constitutional duty to intervene in an armed assault by an inmate when the intervention would place the guard in danger of physical harm." *Patmon v. Parker*, 3 F. App'x 337, 338 (6th Cir. 2001) (citations omitted). "'[C]ompletely failing to take *any* action' to stop an ongoing assault on a prisoner," however, "can amount to deliberate indifference." *Raynor v. Pugh*, 817 F.3d 123, 128 (4th Cir. 2016) (citing *Winfield v. Bass*, 106 F.3d 525, 532 (4th Cir. 1997) (en banc)).

Here, viewing the complaint in a light most favorable to the plaintiff and drawing all reasonable inferences in his favor, the court concludes that the plaintiff has satisfied the objective component of this claim. His allegation that he was not able to sleep undisturbed by the physical presence of other inmates and that other inmates had unrestricted access to follow him into the restroom reflects that he may have been "incarcerated under conditions posing a substantial risk of serious harm." *Id.* at 766 (quoting *Farmer*, 511 U.S. at 833).

The plaintiff has not, however, satisfied the subjective component of a failure-to-protect claim. As to Sheriff Hall—the only remaining defendant—"Section 1983 liability must be premised on more than mere respondeat superior, the right to control one's employees." *Everson v. Leis*, 556 F.3d 484, 496 (6th Cir. 2009) (citing *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999)). "[A] plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal*, 556 U.S. at 676. Here, the plaintiff does not allege any personal involvement by Sheriff Hall whatsoever. Thus, the plaintiff fails to state a failure-to-protect claim against Sheriff Hall in his individual capacity.

**IV. Conclusion**

The plaintiff's alleged assault is serious, and his alleged resulting injuries are severe. But the question before the court is whether the plaintiff has stated a claim upon which relief can be granted under Section 1983, and, for the reasons stated above, the court concludes that he has not. As explained in the accompanying Order, however, the court will allow the plaintiff an opportunity to amend the complaint to identify any prison officials personally involved in the alleged failure to protect him from the assault by the other inmates. *See LaFountain v. Harry*, 716 F.3d 944, 951 (6th Cir. 2013) ("[U]nder Rule 15(a) a district court can allow a plaintiff to amend his complaint even when the complaint is subject to dismissal under the PLRA.").

_____
ALETA A. TRAUGER
United States District Judge