# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| ALLISON D. SMITH, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 3:19-cv-00375 |
| | ) Judge Trauger |
| DARON HALL, et al., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

Allison D. Smith, a pretrial detainee at the Davidson County Sheriff's Office in Nashville, Tennessee, filed this *pro se* civil rights complaint under 42 U.S.C. § 1983, (Doc. No. 1), and an application to proceed *in forma pauperis*, (Doc. No. 2). On July 15, 2019, the court granted the plaintiff's *in forma pauperis* application, found that the Complaint failed to state a claim as presented, and granted the plaintiff 30 days to file an Amended Complaint identifying any prison officials personally involved in the alleged failure to protect him from the assault by other inmates. (Doc. No. 6.) The plaintiff has now submitted a timely Amended Complaint. (Doc. No. 7.) For the following reasons, however, the Amended Complaint does not cure the inadequacies identified in the original Complaint, and this action will be dismissed.

In its previous memorandum, the court summarized the plaintiff's factual allegations as follows:

> The plaintiff alleges that, on the morning of July 8, 2018, another inmate at the Davidson County Sherriff's Office named Charles Jones woke him up to ask about a remote control. (Doc. No. 1 at 5.) The plaintiff responded that he had never seen a remote, (id.), and then went back to sleep, (Doc. No. 4 at 1). After being awakened two more times, the plaintiff said "stop wak[ing] me up about a remote." (*Id.*) When the plaintiff walked to the restroom, Jones and fellow inmate Brian Davis followed him. (Doc. No. 1 at 5; Doc. No. 4 at 1.) Another inmate named Kavasia Bonds was

> waiting in the restroom. (Doc. No. 4 at 1.) Davis pushed the plaintiff through the restroom door from behind, and then Jones hit him in his left eye. (*Id.*) Bonds held the plaintiff's arms behind his back, and "all [the plaintiff] felt were kicks and punches." (*Id.*)
>
> After the assault, the plaintiff alleges, his left eye would not stop bleeding. (*Id.*) The plaintiff was soon taken to Meharry, and then to Vanderbilt. (*Id.* at 2.) He had surgery on his left eye that day. (*Id.*) As a result of this assault, he experienced constant pain and lack of vision in his left eye. (Doc. No. 1 at 5; Doc. No. 4 at 2.) Doctors eventually removed the plaintiff's left eye on January 7, 2019. (Doc. No. 1 at 5; Doc. No. 4 at 2.) He is also losing vision in his right eye and must visit "several eye doctors." (Doc. No. 4 at 2.) Additionally, the plaintiff sustained injuries to his knees and back from the assault, and he now uses knee braces and a cane to walk. (Doc. No. 1 at 5; Doc. No. 4 at 2.) He has been prescribed mental health medication to cope with the results of the assault. (Doc. No. 4 at 2.)

(Doc. No. 5 at 2.)

The court then concluded that the plaintiff failed to state a claim based on these allegations. (*Id.* at 3–6.) As to the plaintiff's claim for deliberate indifference to his safety, the court found that the plaintiff satisfied the objective component but not the subjective component. (*Id.* at 6.) The court, nonetheless, allowed the plaintiff an opportunity to satisfy the subjective component by amending the complaint to identify any prison officials personally involved in the alleged failure to protect him from the assault by the other inmates. (*Id.* at 7.)

Here, the Amended Complaint falls short of satisfying this subjective component by merely providing a broad summary of the plaintiff's alleged assault and resulting injuries. (Doc. No. 7 at 4 ("My safety was violated I was beaten and lost my eye."); *id.* at 5 ("I was beaten by three inmates and lost my eye sight.").) The plaintiff has not, for example, alleged that any "individual [prison official] had the personal involvement necessary to permit a finding of subjective knowledge" that the plaintiff was vulnerable to the attack by the other inmates. *Bishop v. Hackel*, 636 F.3d 757, 768 (6th Cir. 2011) (citations omitted). Nor has the plaintiff alleged that any prison official was present at the scene of the assault and failed to take any action to stop it. *See Raynor v. Pugh*, 817 F.3d

123, 128 (4th Cir. 2016) (citing *Winfield v. Bass*, 106 F.3d 525, 532 (4th Cir. 1997) (en banc)) ("'[C]ompletely failing to take any action' to stop an ongoing assault on a prisoner can amount to deliberate indifference.")

For these reasons, and the reasons stated in the court's previous memorandum, (Doc. No. 5 at 3–6), the plaintiff has not stated a claim upon which relief can be granted under Section 1983. 28 U.S.C. §§ 1915A, 1915(e)(2)(B); 42 U.S.C. § 1997e(c)(1). Accordingly, this action is **DISMISSED**.

Given the Sixth Circuit's recognition that it has "not yet considered whether *Kingsley* [*v. Hendrickson*, 135 S. Ct. 2466 (2015)] abrogates the subjective intent requirement of a Fourteenth Amendment deliberate indifference claim," *Richmond v. Huq*, 885 F.3d 928, 937–38 n.3 (6th Cir. 2018), however, the court **CERTIFIES** that any appeal in this matter would be taken in **GOOD FAITH**. 28 U.S.C. § 1915(a)(3). The court, therefore, will grant the plaintiff leave to proceed *in forma pauperis* on appeal if he chooses to file a notice of appeal and a properly completed application to proceed on appeal *in forma pauperis*.

It is so **ORDERED**.

_____
ALETA A. TRAUGER
United States District Judge